**Elmer STATON et al., Petitioners,**

v.

**Faust Y. SIMPSON, Judge, Union Circuit Court, et al., Respondents.**

Court of Appeals of Kentucky.

Jan. 22, 1960.

Wathen & Wesley, Morganfield, for petitioners.

John S. Deering, Nicholasville, for respondents.

MOREMEN, Judge.

This is an original action in this court by which petitioners, Elmer Staton and Josephine Staton, seek relief in the nature of a writ prohibiting the Honorable Faust Y. Simpson, Judge of the Union Circuit Court, and the Master Commissioner of the same court from selling at a public sale certain property belonging to petitioners.

The request arose from these facts: Shannon Blankenship conveyed certain real and personal property to petitioners, Elmer and Josephine Staton, who executed a note in the sum of $20,500 as part consideration for the conveyance. A lien was obtained on both the real and personal property in order to secure payment of the note. Petitioners also assumed the mortgage then existing on the property.

On the 9th day of December 1958, Shannon Blankenship filed a complaint in the Union Circuit Court in which he alleged that petitioners were in default of an installment payment on the note and prayed judgment for the amount of the note. At the same time, Blankenship caused an attachment to be issued and levied upon property of the Statons which they had purchased from him. The property consists of three tracts of land, a grocery store, a slaughter house and a dwelling which the petitioners occupy.

On December 19, 1958, on motion of the petitioners, an order was entered discharging the attachment and in the same order the court denied Blankenship's motion to appoint a receiver.

Petitioners filed an answer and counterclaim in which they admitted that they had executed certain notes and had assumed certain obligations, but denied that any were due or that they were in default, and further pled certain matters of estoppel. In a separate paragraph they alleged that they had been damaged in the sum of $50,000 because Blankenship had wrongfully, maliciously and wilfully attached their property without proper cause, and prayed judgment in that amount. The complaint, the answer and counterclaim were all amended on several occasions, but we feel no need to state the substance of them now.

Blankenship renewed his motion for the appointment of a receiver and on the 20th day of February, 1959, a receiver was appointed. His various duties were outlined in the order. He was in the main a custodial receiver and was directed to sell only the perishable goods located in the store.

The case came on to be tried after many preliminary motions and was submitted to the jury on issues raised by the complaint and answer. The jury found for the plaintiff in the sum of $20,500 with interest, and found for the petitioners on the count of alleged wrongful attachment, and further that they had been damaged in the sum of $26,662. On the 19th day of March 1959, the court entered a judgment in which he set off one sum against the other, and gave judgment for the defendants Staton, who are petitioners here, in the sum of $4,812.42.

After several motions were made and overruled, the plaintiff Blankenship filed notice of appeal to this court on April 18, 1959, and executed a supersedeas bond. The record on appeal was filed in this court on July 17, 1959.

In the meantime, on June 12, 1959, Elmer and Josephine Staton filed a petition in this court in which it was stated that after judgment had been entered in the case of Blankenship v. Staton, et al., and after no-

tice of appeal to this court had been filed on the 18th day of April 1959, the Honorable Faust Y. Simpson, Judge of the Union Circuit Court, had ordered a sale of the property belonging to the Statons although there was no sum owing Blankenship under the judgment, and had set June 22, 1959, as the date of sale. It was further stated that petitioners' property had been in receivership since February 20, 1959, which had prevented the operation of the grocery store and other enterprises with the result that the value of the property had been impaired and would, at a forced sale at this time, bring only a fraction of its true value.

The case came on to be heard before the Honorable Amos Eblen, a Judge of the Court of Appeals, on June 15, 1959, and an order was entered prohibiting the Judge and the Master Commissioner of the Union Circuit Court from taking any further action in the case of Blankenship v. Staton et al. pending further orders of this court. Thereafter, the respondents filed a response to the petition and copies of the judgments and other orders which had been entered in the case.

We find nothing in the response filed by the attorney for Blankenship which overcomes the stubborn fact that at this time Shannon Blankenship does not have a money judgment against the Statons. It is argued in the response and memorandum filed therewith that Shannon Blankenship has a lien against this property for the total purchase price and that the notes have never been paid. The answer to this is that so long as the judgment entered stands, the notes have been paid, and, since no debt exists, the lien which formerly existed is no longer in effect. The response does little more than re-affirm the same contention which Blankenship made at the trial of the case which is now pending before this court on appeal. Those arguments will be considered and the issues decided when that case is presented to the court for consideration and decision. We are of opinion that until a final decision has been reached in the case, the Honorable Faust Y. Simpson, Judge of the Union Circuit Court, and the Honorable W. H. Lindo, Master Commissioner of the same court should be prohibited from ordering or holding a sale or taking any further steps in the action.

The relief requested in the nature of a writ of prohibition is therefore granted.

WILLIAMS and PALMORE, JJ., not sitting.